UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, ex rel. ANDY BESHEAR, Attorney General of Kentucky, and<br><br>JEFFERSON COUNTY TEACHERS ASSOCIATION,<br><br>    Plaintiffs,<br><br>V.<br><br>DAVID DICKERSON, in his official capacity as Secretary of the Kentucky Labor Cabinet,<br><br>    Defendant. | Civil Action No. 3: 19-033-DCR<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Kentucky Attorney General Andy Beshear and the Jefferson County Teachers Association jointly filed this action in the Franklin Circuit Court in April 2019. They allege that Defendant David Dickerson, Secretary of the Kentucky Labor Cabinet, acted unlawfully by seeking information about Kentucky public school teachers who called in sick to attend protests at the state capitol in February and March 2019. Dickerson removed the action to this Court on May 2, 2019, alleging federal-question jurisdiction under 28 U.S.C. § 1331. [Record No. 1] The plaintiffs have moved to remand the matter to state court, asserting that their claims are limited to matters of state law. As a result, they claim that this Court does not have subject-matter jurisdiction over the case. For the reasons outlined below, the Court agrees that only state-law claims are presented. Therefore, the matter must be remanded to the Franklin Circuit Court for further proceedings.

# I.

The Court previously related the background of this matter in detail, so only facts which are necessary for resolution of the pending motion will be repeated. [*See* Record No. 11.] The Kentucky General Assembly introduced bills affecting public schools during its 2018 and 2019 Regular Sessions. [Record No. 1-2, p. 4] Teachers from several counties called in sick and skipped work on "important legislative days" so that they could attend protests at the state capitol. These protests became known as "sick outs." *Id.* at p. 8. Governor Matt Bevin noted that many school districts across Kentucky were forced to close due to teacher absences. *Id.*

In February and March 2019, teachers again called in sick to protest proposed legislation affecting public schools. This caused several school districts to cancel classes, including Jefferson County, which closed for six days. On March 14, 2019, Wayne Lewis, the Commissioner of the Kentucky Department of Education, e-mailed the superintendents of ten school districts requesting teacher attendance records during the sick outs. By March 25, 2019, all of the school districts had responded to Lewis' requests. Lewis sent the superintendents a letter on March 27, 2019, advising them of the following:

> If district closures because of work stoppages continue and districts are unwilling or unable to address this problem, I will explore further action to do so, including recommending that the Labor Cabinet issue citations for teachers engaged in illegal work stoppages . . . .

Between April 10 and April 15, 2019, the Kentucky Labor Cabinet's Office of Inspector General issued administrative subpoenas *duces tecum* to the superintendents of the same ten school districts, commanding production of documents related to the sick outs.[1]   Attorney

---

[1] The Labor Cabinet served similar subpoenas *duces tecum* on the Kentucky Department of Education ("KDE") on May 2, 2019. As of May 7, 2019, the parties agreed that the KDE had substantially complied with the subpoenas.

General Beshear advised Defendant Dickerson and Governor Bevin that the subpoenas were illegal because, in his opinion, they exceeded the Secretary's authority and violated the teachers' rights to free speech and assembly. Beshear asked Dickerson to rescind the subpoenas, but Dickerson refused to do comply with the demand.

The plaintiffs filed this action in state court on April 29, 2019, alleging that the Secretary's conduct interfered with the protesting teachers' rights to free speech and peaceable assembly in violation of Sections 1 and 2 of the Kentucky Constitution. The plaintiffs also claim that the Secretary exceeded his authority under Section 2 of the Kentucky Constitution and Kentucky Revised Statutes § 336.310(1) because the protesting teachers did not engage in a strike or work stoppage. The plaintiffs further claimed that the defendant violated Kentucky Revised Statutes § 336.310(2) by using intimidation, threats, and coercion to discourage teachers from protesting. Finally, the plaintiffs allege that Kentucky Revised Statutes § 336.310(1) violates Sections 1, 8, and 51 of the Kentucky Constitution because it is vague, overbroad, and relates to more than one subject, which is not expressed in the statute's title.

The defendant's notice of removal asserts that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367 because the Complaint contains claims arising under the Constitution, laws, or treaties of the United States, as well as state-law claims that are part of the same case or controversy. [Record No. 1] Conversely, the plaintiffs contend that they have been careful to assert only state-law claims and, therefore, this matter should be remanded for lack of jurisdiction.

**II.**

"Federal courts are courts of limited jurisdiction." *Estate of Cornell v. Bayview Loan Serving, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The district courts of the United States "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a case only if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). The party seeking removal has the burden of showing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Removal statutes are narrowly construed, and any doubt is resolved in favor of remand. *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002).

Federal courts apply the "well-pleaded complaint" rule to determine whether a plaintiff presents a claim "arising under" federal law. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). The rule provides that a case arises under federal law only when a federal question is presented on the face of a plaintiff's properly-pleaded complaint. *Id.* Here, Defendant Dickerson contends that an attachment to the Complaint establishes that a federal question is presented. More specifically, he cites portions of an April 16, 2019 letter from Plaintiff Beshear to Dickerson which states:

> I am writing to advise you that the recent subpoenas issued by the Labor Cabinet to various school districts are unlawful, and that any attempt to punish teachers that engaged in a 'sick-out' would violate their First Amendment rights.
>
> Because the 'sick-outs' were not related to the conditions of the teachers' employment, but instead driven by their objections to legislation that would harm the overall financial and structural support of the public school system, the 'sick-outs' constitute free speech protected by the First Amendment.

> Teachers do not surrender their constitutional rights when they become public employees . . . . They retain the rights secured by the First Amendment to the United States Constitution, and Sections 1 and 8 of the Kentucky Constitution, including their rights to speak freely, to peaceably assemble, and to petition the government for redress of grievances.

[Record No. 16 (citing Record No. 1-2)]

Rule 10(c) of the Federal Rules of Civil Procedure provides, in part, that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." According to the defendant, the plaintiffs allege violations of the First Amendment to the United States Constitution by attaching this letter to the Complaint. Although the Sixth Circuit has not defined the parameters of a "written instrument" for purposes of Rule 10(c), it is unclear that a letter like the one at issue could satisfy this part of the Rule. Black's Law Dictionary defines "instrument" as "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate." BLACK'S LAW DICTIONARY (9th ed. 2009). In keeping with this definition, several courts have limited "written instrument" to "documents evidencing legal rights or duties such as deeds, wills, bonds, leases, insurance policies, or security agreements." *See Corr. Officers Benevolent Ass'n of Rockland Cnty. v. Kralik*, 226 F.R.D. 175, 176 (S.D.N.Y. 2005) (concluding that letters were not written instruments for purposes of Rule 10(c)). *But see Ky. State Dist. Council of Carpenters, AFL-CIO v. Wehr Constr., Inc.*, 1 F.3d 1241 (6th Cir. 1993) (table opinion) (grievance letters concerning breach of collective bargaining agreement considered part of complaint under Rule 10(c) where provisions of the letters were quoted in and added nothing new to the complaint).

Regardless of whether the letter constitutes a written instrument, the undersigned concludes that the plaintiffs have not asserted claims under the United States Constitution by

attaching the letter to the Complaint. To be sure, exhibits can provide background information to *supplement* claims contained in the Complaint. *See Jones v. Houston*, No. 4: 06CV3314, 2007 WL 3275125, at *5 (D. Neb. Nov. 2, 2007). However, exhibits alone do not create claims not stated in the Complaint, especially when it is readily apparent that a plaintiff has carefully avoided pleading them. *See Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) (Rule 10(c) "does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact.") It bears repeating that a plaintiff is the master of his complaint and the fact that a claim could have been asserted under federal law does not diminish the plaintiff's right limit his pleading to assert only state claims. *Loftis*, 342 F.3d at 514.

The defendant also cites various parts of the Complaint in which the plaintiffs assert that the defendant violated their constitutional rights of free speech and assembly. But as articulated elsewhere in the Complaint, these rights are also recognized under the Kentucky Constitution. *J.C.J.D. v. R.J.C.R.*, 803 S.W.2d 953, 954 (Ky. 1991) (citing Ky. Const. § 8)); *Boyd v. Deena Artware, Inc.*, 239 S.W.2d 86, 88 (Ky. 1951) (citing Ky. Const. § 1)). While reference to federal constitutional law may be helpful in resolving the plaintiffs' claims under the state constitution, the plaintiffs' right to relief does not necessarily depend on the resolution of a substantial question of federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also Walker v. City of Colledgedale, Tn.*, 2004 WL 3327266, at *7 (E.D. Tenn. Nov. 8, 2004) (citing *Christianson v. Colt Indus.*, 486 U.S. 800, 808 (1988)) ("When a state-created cause of action is supported by alternative, independent theories—one of which is a state law theory and the other a federal law theory—federal

question jurisdiction does not attach because federal law is not an essential or necessary element of the cause of action.").

### III.

In summary, the Court is persuaded that the plaintiffs have asserted only state law claims to avoid removal of the action to federal court based on parallel claims under federal law. However, because the plaintiffs provided an exhibit in which Plaintiff Beshear advised Defendant Dickerson that his actions violated teachers' rights under the First Amendment to the United States Constitution, the Court will not hold that removal was objectively unreasonable. *See Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060-61 (6th Cir. 2008). Therefore, the plaintiffs' request for attorneys' fees, costs, and expenses associated with removal will be denied.

Based on the foregoing, it is hereby

**ORDERED** that the plaintiffs' motion to remand [Record No. 7] is **GRANTED**. This matter is **REMANDED** to the Franklin Circuit Court for further proceedings.

Dated: June 27, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge